Mitchell v. State of New York Upstate Med. Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Robbie Mitchell,

> *Plaintiff-Appellant*,
>
> v.                                                                          17-860

State University of New York Upstate Medical University,

> *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Robbie Mitchell, pro se, Syracuse, NY. |
| **FOR DEFENDANT-APPELLEE:** | Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Zainab A. Chaudhry, Assistant Solicitor General, *for* Barbara Underwood, Acting Attorney General for the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robbie Mitchell, proceeding pro se, appeals from a judgment in favor of his former employer, SUNY Upstate Medical University ("Upstate"), in his Title VII retaliation lawsuit. Mitchell, represented by counsel in district court, alleged that between his return from a 2012 suspension and the ultimate termination of his employment in 2015, Upstate engaged in various forms of retaliation for Mitchell's having previously complained about race discrimination. A magistrate judge granted summary judgment to Upstate, concluding that most of the complained-of actions were not materially adverse, and, in any event, Mitchell failed to demonstrate that retaliation was the but-for cause of the challenged actions. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

---

1 The parties consented to the magistrate judge's jurisdiction to conduct the proceedings and enter judgment in this case. *See* 28 U.S.C. § 636(c).

2

*Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A party cannot overcome summary judgment, however, by relying on "'mere speculation or conjecture as to the true nature of the facts'" because "'conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

To sustain a prima facie case of retaliation under Title VII, a plaintiff must demonstrate "(1) [he] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). If the plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant employer to articulate "a legitimate, non-discriminatory reason for its actions." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (per curiam). "If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is pretext for . . . retaliation." *Id.* To meet that burden, the plaintiff must show "that the adverse action would not have occurred in the absence of the retaliatory motive." *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

Upon review, we conclude that the magistrate judge properly granted summary judgment to Upstate. Even assuming Mitchell could make out a prima facie case of retaliation, the record fails to show that the nonretaliatory reasons proffered by Upstate for the various adverse actions were pretextual, let alone that retaliation was a but-for cause of the actions. We therefore affirm

3

for substantially the reasons given by the magistrate judge in her thorough and well-reasoned March 17, 2017 decision.

We have considered Mitchell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

4